**Erma E. HIRSCH, Adm'x of Dean J. Niswonger, Deceased, Appellant,**

v.

**DAIRY EXPRESS, Inc., Appellee.**

No. 12278.

United States Court of Appeals
Sixth Circuit.

April 21, 1955.

Horace W. Baggott, Dayton, Ohio, Waldo E. Young, Eaton, Ohio, for appellant.

Rowan A. Greer, Jr., Dayton, Ohio (Warren A. Ferguson, Landis, Ferguson, Bieser & Greer, Dayton, Ohio, on the brief), for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The appeal in this case is by the Administratrix of the twenty-year-old decedent who was killed by being run over by a truck of the appellee on a public highway near Springfield, Ohio.

The decedent and other "pledges" were being hazed prior to initiation by a Greek Letter Fraternity and, beginning on Sunday, April 30, 1950, were required to go through calisthenics late at night, to do housework, painting, scrubbing and other chores until about six o'clock in the morning when, after being permitted to rest for only an hour, they had to go to classes at eight o'clock and for the remainder of the school day. Following the day's class room work, they returned to the Fraternity House and were re-

quired to study until eleven o'clock in the evening before beginning the calisthenics and work again. The same routine was followed each day until Wednesday, May 3. After their calisthenics on that date, the decedent and a companion "pledge" were blind-folded, placed on the back seat of an automobile and driven out into the country. Their blind-folds were then removed and they were put out of the automobile and instructed to find their way back to Springfield.

The two young men walked around the countryside for sometime until they came to a state highway. They attempted unsuccessfully to get a ride and then stopped to rest on the side of the road; and, becoming uncomfortable there, they sat upon the paved portion of the highway. They were so exhausted that they fell asleep on the paved road where decedent was killed.

The main argument of appellant is that the driver of appellee's truck had a "last clear chance," by the exercise of due care, to avoid the fatal accident. The truck driver testified that, immediately, when he recognized that an object on the road might be a human being, he put on his brakes full force and almost went off the roadside in an effort to avoid running over the decedent.

In directing a verdict for the defendant, Judge Cecil explained to the jury that, after a person places himself in a position of peril by his own negligence and that his "negligence then ceases," the defendant is required to use ordinary care to avoid injury at the time he "discovers the person in the condition of peril." The judge told the jury further that the terrible ordeal which the two boys had endured immediately before the accident, deplorable as it was, could place no greater duty upon appellee or its truck driver and make it, or its driver, responsible for the conduct of the boys and for "what happened before."

In our judgment, the district judge properly granted the motion of appellee for directed verdict, for the reasons stated in the judge's address to the jury. We find no reversible error in the assignments made by appellant respecting the exclusion of evidence proffered by her, or in any procedural matter connected with the trial.

The judgment of the district court is ordered affirmed.